Plaintiff's Name  Mark W. Ballard
Inmate No. 26019-058, Federal Correctional Institution
Address  P.O. Box 7007
         Marianna, FL 32447

FILED
ASHEVILLE, N.C.
AUG 10 2015
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

MARK WAYNE BALLARD
(Name of Plaintiff)

Case Number: 1:15-cv-173 To Be Assigned By Clerk

vs.

MARCELLUS BUCHANAN; DON GAST;
MARTIN REIDINGER; TIMOTHY S. WOO;
DENNIS CHRISP; DANNY E. DAVIS; DENNIS
HOWELL; UNKNOWN F.B.I. AGENT;
DONALD WOLFE; UNKNOWN TRIBAL
POLICE OFFICER; JASON E.B. SMITH; MARK BUCHANAN

COMPLAINT UNDER
42 U.S.C. §1983 AND
RICO

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

   A.  Have you brought any other lawsuits while a prisoner? Yes  X   No ___

   B.  If your answer to A is yes, how many? One (1)
       Describe previous or pending lawsuits in the space below.
       (If more than one, use back of paper to continue outlining all lawsuits.)

       1. Parties to this previous lawsuit:

       Plaintiff  MARK WAYNE BALLARD

       Defendants  THE UNITED STATES

       2. Court (if Federal Court, give name of District; if State Court, give name of County)
          United States Court of Federal Claims

       3. Docket Number  To Be Assigned     4. Assigned Judge  To Be Assigned

       5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
          Pending

       6. Filing date (approx.)  July 13, 2015    7. Disposition date (approx.) Pending

## II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes _X_ No ___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ___ No _X_

If your answer is no, explain why not _Not Applicable_

C. Is the process completed?

Yes ___ If your answer is yes, briefly explain what happened at each level.
_N/A_

No ___ If your answer is no, explain why not.
_The prison administrative remedy program is inapplicable to plaintiff Ballards' case at bar and claims herein._

NOTICE: Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit. Booth, 532 U.S. at 734.

## III. Defendants  CLAIM #1

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant __Jason Howell__ is employed as __a Tribal Police for Cherokee Indian Police Dept.__ at __Bryson City, North Carolina__

B. Additional defendants __Unknown F.B.I. Agent is employed as Indian Case Agent Asheville, N.C.; Donald Wolff is employed as a Bureau of Indian Affairs Investigator at Asheville, N.C.; Unknown Female Cherokee Tribal Police at Bryson City, N.C.; Don Gast is employed as A.U.S.A. at Asheville, N.C. 28801; Martin Reidinger is employed as U.S. District Court Judge at Bryson City, N.C.; Dennis Howell is employed (CONTINUED ON PAGE ATTACHMENT)__

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1.) On March 19, 2010 in U.S.A. v. Mark W. Ballard, U.S.D.C.-W.D. of N.C. (Bryson City Div.), Case No. 2:10-cr-19-MR-DLH-1, defendants Jason Howell, Unknown F.B.I. Agent, Donald Wolff, Unknown Female Cherokee Tribal Police, Don Gast, Martin Reidinger, Dennis Howell and Timothy S. Who acting under color federal law and in a on-going common scheme did negligently, willfully and intentionally violate the Plaintiff Mark Wayne Ballard (Ballard) rights under the 5th, 6th, and 14th Amendments and Art. 1, §§ 1, 8, ¶ 18 of the U.S. Constitution and under Treaty by implementing a policy, practice or pattern of providing shoddy and prejudicial investigations & prosecutions based on an invidious racial animus towards Native Americans. Where:

a.) As reflected in Ballard's related federal Contract Complaint filed on July 13, 2015 Mark Wayne Ballard v. The United States, U.S. Court of Federal Claims, Case No. To Be Assigned (Judge: To Be Assigned) defendants The United States prejudicially threatened to withhold federal Public Law 638 Contract

(CONTINUED ON PAGE ATTACHMENT)

## V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff Ballard demands a jury trial on all claims #1-2; and Plaintiff seeks declaratory and injunctive relief from the defendant(s) policy, practice or pattern of shoddy and prejudicial investigations in Indian cases in Ballards' federal and state cases U.S.A. v. Ballard and State v. Ballard; And Ballard requests equitable tolling and relief; and Ballard requests the appointment of counsel in both claims #1 and 2; And in claim #2 Ballard demands $5,000,000.00 Compensatory damages for wrongful conviction and imprisonment in State v. Ballard, and Ballard demands from defendants in claim #2 $10,000,000.00 Punitive Damages for Defamation, wrongfull infliction of severe emotional pain and duress and/or stay pending reversal of State v. Ballard; and on all claims Ballard requests ability to proceed in forma pauperis & other relief under law.

I declare under penalty of perjury that the foregoing is true and correct.

Date __Aug. 3, 2015__    Signature of Plaintiff X __Mark Ballard__

Attached, Certificate of Service

(Revised 2/15/2006)

## CERTIFICATE OF SERVICE

I, Mark W. Ballard, hereby swears and certifies under penalty of perjury pursuant to 28 U.S.C. §1746 that I mailed this original COMPLAINT UNDER 42 U.S.C. §1983-RICO AND MOTION TO PROCEED IN FORMA PAUPERIS on this 3rd day of August, 2015 by pre-paid First Class Postage through FCI-Marianna, FL. legal mail procedures to the following:

Office of the Clerk, United States District Court for the Western District of North Carolina (Asheville Division), U.S. Courthouse, 100 Otis Street, Room 112, Asheville, North Carolina 28801-2611

X _Mark Ballard_
Mark W. Ballard

4

CONTINUED FROM PAGE #3, STATEMENT OF CLAIM #1:

SECTION III. Defendants: (CONTINUED)

as a U.S. Magistrate Judge Dennis Lee Howell at Bryson City, N.C.; Timothy S. Woo is employed as a U.S. Probation Officer at Asheville, N.C.

SECTION IV. STATEMENT OF CLAIM #1: (CONTINUED)

funds, 25 U.S.C. §450, et seq. for programs money or funds for operating programs under the contracts, 25 U.S.C. §450j-1(a)(1) (e.g. "Violence Against Woman Act; Tribal Law & Order Act; Weed and Seed Program; Tribal Victim Witness Advocate, and other"). Ballard further alleged in said contract Complaint: "The public interest is best served with the sought preliminary injunction and restraining order where federal contract funds under Public Law 93-638 illegally create and illegally define Indian laws without those laws published in the Federal Register & interpretation of procedures without complying with formal rulemaking requirements in violation of the Administrative Procedure Act, 5 U.S.C. §704; And see, 5 U.S.C. §552(a)(1) and 5 U.S.C. §553. The public interest is best served with the sought preliminary injunction and restraining order where other Indian litigants of this Court suffer similar harms of the United States as reflected in Victor C. Fourstar, Jr. v. The United States, U.S. Court of Federal Claims, No. 15-14C (Judge Susan Braden); and Tracy A. Peters v. The United States, U.S. Court of Federal Claims, No. 15-528C (Judge Susan Braden); Monte C. Little Coyote v. The United States, U.S. Court of Federal Claims, No. To Be Assigned (Judge: To Be Assigned); Garrett L. Jones v. The United States, U.S. Court of Federal Claims, No. To Be Assigned (Judge: To Be Assigned)"... The United States federal funding was mandated and premised on a threat of withheld federal contract funding if an increased amount of Indian cases per month (including Ballard's case U.S.A. v. Mark W. Ballard, U.S.D.C.-W.D. of N.C., Case No. 2:10-cr-19-01) were not submitted for federal indictments and prosecutions (with an amount certain required), with the increased submissions enabled by the contract frames lowering the evidentiary threshold for federal indictment and conviction from Plausible to Viable... The

i

## SECTION IV. STATEMENT OF CLAIM #1: (CONTINUED)

United States did illegally create and define law 18 U.S.C. §§ 1153(a) and 2241(a) that was not publicly published as a Indian offense and chapter 109A in violation of the Administrative Procedure Act".

b.) On August 3, 2015 Ballard filed in this Court a related federal appeal under 28 U.S.C. § 2255 U.S.A. v. Mark W. Ballard, U.S.D.C.-W.D. of N.C., Case No. To Be Assigned (criminal no. 2:10-cr-19-DLH) and in part, alleged: "On or about November 3, 2010 court appointed defense attorneys Fredilyn Sison and William E. Loose rendered ineffective assistance of counsel to the movant Mark W. Ballard (Ballard) in violation of his rights under the 6th Amendment of the U.S. Constitution by failing to object to the shoddy and prejudicial investigations and the hole in chain-of-evidence in the October 5, 2010 one-count Indictment and the November 17, 2010 two-count Superceding Indictment for alleged violations of 18 U.S.C. §§ 1153(a) and 2241(a) and 18 U.S.C. §§ 1153(a), 2241(a) and 1201, respectively, in USA v. Ballard, U.S.D.C.-W.D. of N.C., No. 2:10-cr-19-01." where:

i. Herein defendant Jason Howell prejudicially and negligently failed to investigate the alleged March 17, 2010 Aggravated Sexual Abuse of minor victim 2 (MV2) until March 26, 2010.

ii. Herein defendant Jason Howell prejudicially and negligently corrupted the chain-of-evidence by using High School Resource counselor's March 19, 2010 complaint of Dennis Crisp to initiate and collect evidence from an examination that allegedly revealed bruises on MV2's legs, chest and an area of ecchymosis on her cervix at the Cherokee Hospital.

iii. Herein defendant Jason Howell prejudicially and negligently corrupted the chain-of-evidence on March 26, 2010 by using High School Resource counselor's complaint to seek and obtain Ballard's DNA at Cherokee Indian Hospital without a valid warrant and without ensuring Ballard's rights under *Miranda*, and by using High School Resource officer Dennis Crisp's complaint to obtain Ballard's head hair, pubic hair, blood, saliva, and photograph of Ballard without ensuring Ballard's rights

ii

under *Miranda*, and by using High School Resource officer Dennis Crisp's complaint to coerce a statement out of Ballard without ensuring Ballard's rights under *Miranda*, and by photographing Ballard, and by failing to investigate the crime scene and by failing to conduct a full and fair investigation.

iv. On May 7, 2010 defendant Jason Howell attempted to negligently and prejudicially conceal the corrupted chain-of-evidence by re-interviewing Ballard in the presence of defendant(s) Donald Wolff and unknown Female Cherokee Tribal Police officer, and by failing to ensure the presence of a FBI Indian Case Agent who would otherwise ensure Ballard's rights under *Miranda*.

v. On March 17, 2010 defendant unknown FBI Indian case agent did negligently and prejudicially fail to conduct any investigations in Ballard's case and by failing to ensure Ballard's rights under *Miranda*, and by failing to ensure a complete chain-of-evidence in Ballard's case, and by failing to seek and secure a valid federal search warrants for Ballard's DNA, hair evidence (pubic), photograph of Ballard, and by failing to interview alleged MV1 and MV2 for evidence in offenses under 18 U.S.C. §§ 2241(a) and 1201 and 18 U.S.C. § 1153(a)

vi. On July 27, 2011 defendant(s) Martin Reidinger, Dennis L. Howell, Timothy S. Woo and Don Gast did negligently and prejudicially accepted the January 24, 2011 written statement supplied by defense counsel of Ballard's regarding the alleged offense against MV2 and conspired to obtain an eleventh-hour January 13, 2011 belated statement by Victim 1, also known as "T.P.", supplied to defendant Jason Howell that alleged in August, 2009 Ballard had raped her (despite a contrary statement given by Victim 1 on August 16, 2009 at the Cherokee Indian Hospital Emergency Room where V1 reported she was having sexual intercourse and her boyfriend did not give her time to remove her tampon, resulting in her being unable to remove it. V1 complained of being very sore and tender in her vaginal area, she did not allege Ballard had raped her) stating: "There was blood everywhere. All over me and him".

iii

Case 1:15-cv-00173-FDW   Document 1   Filed 08/10/15   Page 7 of 10

CONTINUED CLAIMS: CLAIM #2

Section III. Defendants

A. Defendant Jason E.B. Smith is employed as Graham County Prosecutor for State of North Carolina at Robbinsville, North Carolina.

B. Additional defendants: Dennis Crisp is employed as Robbinsville, N.C. High School Resource Officer; Marcellus Buchanan is employed as a North Carolina State Bureau of Investigation Special Agent at Robbinsville, N.C.; Danny E. Davis is employed as North Carolina State - District Court Judge at Robbinsville, N.C.;

Section IV. Statement of Claim:

1.) On January 21, 2005 defendant Jason E.B. Smith, acting under color of state law, did knowingly and intentionally and negligently act in a on-going common scheme with defendant Dennis Crisp to deprive the Plaintiff Mark W. Ballard of his rights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution by defendant Crisp obtaining Ballard's statement without counsel and without parental supervision for the alleged December 15, 2004 offense class C Felony, Vaginal Intercourse, against minor accuser T.B.H., by force and against her will. G.S. 14-27.3. Defendant Crisp did wrongfully corrupt the chain-of-evidence in state v. Ballard, Graham Co., No. 05-J-01 and did wrongfully convict and imprison Plaintiff Ballard.

2.) On Feb. 8, 2005 defendant Marcellus Buchanan, acting under color of state law, did knowingly and intentionally and negligently act in a on-going common scheme with defendant Jason E.B. Smith to deprive the Plaintiff Mark W. Ballard

iv

of his rights under the 5th, 6th, 8th and 14th Amendments of the United States Constitution by using facts and evidence derived from defendant Dennis Crisp's December 15, 2004 statement obtained from Ballard and evidence collected from T.H. on December 16, 2004 by non-medical doctors to construct a "Affidavit" in support of the State of North Carolina's charge Second Degree Rape - Class C Felony in State of North Carolina v. Mark Wayne Ballard, Graham Co. Court, No. 05-J-01 and did perpetuate the corrupted chain-of-evidence and cause Ballard to be wrongfully convicted and imprisoned and did wrongfully defame Ballard causing severe emotional pain and duress and defamation of character as a registered sex offender.

3.) On March 11, 2005 defendant Jason E.B. Smith, acting under color of state law, did knowingly and intentionally and negligently act in a on-going common scheme with defendant Marcellus Buchannan to deprive the Plaintiff Mark W. Ballard of his rights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution by perpetuating the corrupted chain-of-evidence through use of defendant Marcellus Buchannan's 2/8/2005 "Affidavit" to charge Ballard with enhanced "violent" offense 2nd Degree Rape of T.R.H., that required Ballard to provide a blood specimen without counsel and without parental supervision in State of North Carolina v. Mark Wayne Ballard, Graham Co. Court, No. 05-J-01 and did perpetuate the corrupted chain-of-evidence and cause Ballard to be wrongfully convicted and imprisoned and did wrongfully defame Ballard causing severe emotional pain and duress and defamation of character as a registered sex offender.

4.) On March 1, 2006 defendant Danny E. Davis, acting under color of state law, did knowingly and intentionally and negligently act in a on-going common scheme with defendant Jason E.B. Smith to deprive the Plaintiff Mark W. Ballard of his rights under the 5th, 6th, 8th, and 14th Amendments of the United States Constitution by wrongfully adjudicating the Plaintiff Ballard with a Class C "Violent" felony conviction for 2nd Degree Rape of T.R.H. with 12-months probation with 6-months house arrest requiring Ballard to participate in a 12-month community based programs; the Sexual Abuse Intervention Program, and if directed "cooperate with electronic monitor-

∨

ing;" and other conditions and caused Ballard to be wrongfully convicted and imprisoned and did wrongfully defame Ballard causing severe emotional pain and duress and defamation of character as a registered sex offender.

vi