# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-173-FDW

| | |
|---|---|
| MARK WAYNE BALLARD, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| MARCUS BUCHANAN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

## I.     BACKGROUND

Pro se Plaintiff Mark Wayne Ballard is a federal inmate currently incarcerated at Marianna Federal Correctional Institution in Marianna, Florida. Plaintiff is serving a 118-month sentence after pleading guilty in this Court to aggravated sexual abuse, in violation of 18 U.S.C. §§ 2241 and 1153. See (Crim. Case No. 2:10-cr-19-MR-DLH, Doc. No. 27: Judgment). Judgment was entered on October 12, 2011. (Id.). Plaintiff appealed, and on August 8, 2012, the Fourth Circuit vacated and remanded the Court's judgment only on the issue of whether Plaintiff was responsible for paying the cost of his court-appointed attorney. United States v. Ballard, 491 Fed. App'x 374 (4th Cir. 2012) (unpublished). An amended judgment was entered on November 7, 2012, removing the provision regarding court-appointed counsel costs. (Crim. Case No. 2:10-cr-19-MR-DLH, Doc. No. 51: Amended Judgment).

In this action, purportedly filed pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced

and Corrupt Organizations Act ("RICO"), Plaintiff attempts to bring claims against Defendants for violations of numerous of his constitutional rights, including his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He also purports to bring various state law claims against Defendants, including claims for negligence, defamation, and intentional infliction of emotional distress. Plaintiff has named the following thirteen individuals as Defendants: (1) Marcellus Buchanan, identified as a North Carolina State Bureau of Investigation Special Agent in Robbinsville, North Carolina; (2) Danny Davis, identified as a North Carolina district court judge in Robbinsville, North Carolina; (3) Dennis Crisp, identified as a North Carolina High School Resource Officer in Robbinsville, North Carolina; (4) Jason Howell, identified as a Tribal Police Officer for Cherokee Indian Police Department in Bryson City, North Carolina; (5) Dennis Howell, U.S. Magistrate Judge; (6) Martin Reidinger, U.S. District Judge; (7) Timothy Woo, federal probation officer; (8) Unknown FBI Agent; (9) Donald Wolfe, identified as a Bureau of Indian Affairs Investigator in Asheville, North Carolina; (10) Unknown Tribal Police Officer; (11) Jason E.B. Smith, identified as a prosecutor for Graham County, North Carolina; (12) Don Gast, identified as an Assistant United States Attorney; and (13) Mark Buchanan (not identified). Essentially, Plaintiff is complaining that Defendants engaged in wrongful conduct in relation to Plaintiff's conviction in this Court. As his requested relief, Plaintiff seeks compensatory and punitive damages for his "wrongful conviction and imprisonment," as well as injunctive and declaratory relief, including a "stay pending reversal" of his conviction. (Doc. No. 1 at 3).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in his Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Indeed, he has alleged that his conviction has not been reversed. Therefore, his claims are barred by Heck.[1]

### IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2. This action is **DISMISSED** without prejudice.

3. The Clerk is directed to close this case.

Frank D. Whitney
Chief United States District Judge

---

[1] In addition to the fact that Plaintiff's claims are Heck-barred, most of the named Defendants would be subject to dismissal in any event on various grounds of immunity (i.e., prosecutorial and judicial immunity), or because they are not persons subject to suit in a Section 1983 claim.