UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-173-FDW

| MARK WAYNE BALLARD, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| MARCELLUS BUCHANAN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's "Motion to Order Record on Appeal, Order of Transcripts, and Motion for Extension of Time to File Motion to Alter or Amend Judgment." (Doc. No. 11).

On August 10, 2015, pro se Plaintiff Mark Wayne Ballard, a federal inmate incarcerated at Marianna Federal Correctional Institution, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, bringing claims of various constitutional violations against Defendants. In an Order dated Auugst 12, 2015, this Court conducted an initial review and dismissed Plaintiff's action without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994). See (Doc. Nos. 3; 4).

On February 8, 2016, Plaintiff filed the pending motion, in which he appears to seek "the docket record on appeal and order of transcripts," and a motion for extension of time to file a motion to alter or amend judgment, and he argues that this Court should alter its prior dismissal. First, to the extent that the motion is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure, the United States Court of Appeals for the Fourth Circuit has stated:

1

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).

Here, the Court dismissed Plaintiff's underlying action as barred by Heck v. Humphrey. Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion. The Court further notes that to the extent that Plaintiff seeks, through his motion, the "record on appeal," he did not file a notice of appeal in this case, despite that on September 22, 2015, this Court entered an order granting Plaintiff an extension of time to file a notice of appeal. See (Doc. No. 9). To the extent that Plaintiff seeks transcripts or records from his underlying federal criminal action, he must bring his motion in that action. Furthermore, to the extent that Plaintiff states in his current motion that he seeks relief from his underlying federal conviction under the All Writs Act, pursuant to 28 U.S.C. § 1651, he must file a new action, as this Section 1983 action has already been dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Order Record on Appeal, Order of Transcripts, and Motion for Extension of Time to File Motion to Alter or Amend Judgment," (Doc. No. 11), is **DENIED**.

_____
Frank D. Whitney
Chief United States District Judge